UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BRANDON HIPP, ET AL. | * | CIVIL ACTION NO. 23-3150 |
| | * | |
| VERSUS | * | SECTION: "R"(1) |
| | * | |
| LOWE'S HOME CENTERS, LLC, ET AL. | * | JUDGE SARAH S. VANCE |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

ORDER AND REASONS

Before the Court is the plaintiffs' Motion for Leave to File Third Amended Complaint (Rec. Doc. 51). Because the Court finds that justice requires granting leave, the Motion for Leave is GRANTED and plaintiffs' Third Amended Complaint shall be entered into the record.

Background

This lawsuit arises out of black mold damage to a home allegedly resulting from a leaking/malfunctioning Haier US Appliance Solutions, Inc. d/b/a GE Appliances dishwasher, purchased at Lowe's Home Centers, LLC, and installed by B.S.S. Window Treatments, LLC. Plaintiffs Brandon Hipp and Ashley Hipp, individually and on behalf of their minor children C.H. and D.H. filed suit in state court against Lowe's and B.S.S. The action was removed to this Court on August 7, 2023, and in October 2023, plaintiffs filed an amended complaint to name GE Appliances as a defendant. They amended the complaint again in early January 2024, to name Eastman Chemical Company. Plaintiffs voluntarily dismissed Eastman in late February 2024.

Meanwhile, GE Appliances filed a Motion to Dismiss on January 24, 2024, arguing that plaintiffs had failed to state a claim against it because they have asserted claims (like negligence and strict liability) barred by the Louisiana Products Liability Act, because they failed to allege any of the exclusive theories of liability under the LPLA, because they failed to allege identifying

1

characteristics of the product rendering it unreasonably dangerous, and because they have alleged facts negating any basis for GE Appliances' liability. In opposition to that motion, plaintiffs argued that they should be allowed to amend their complaint to address the deficiencies raised by GE Appliances. Plaintiffs also filed the present motion for leave to amend. GE Appliances opposes the motion for leave to amend, arguing that plaintiffs have failed to remedy the deficiencies. It acknowledges that plaintiffs now allege a theory of LPLA liability and particular components of the dishwasher that allegedly caused the damages, but it complains that plaintiffs still assert barred claims for negligence and strict liability.  Moreover, GE Appliances complains that plaintiffs have improperly lumped defendants together for some of their allegations in a shotgun approach that should not be allowed.[1]

<u>Law and Analysis</u>

1. *Standard for Granting Leave to Amend*

Under Federal Rule of Civil Procedure 15(a)(2), when the time period for amending a pleading as a matter of course has passed, a party may amend its pleadings by consent of the parties or by leave of court.[2] "The court should freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a)(2). Thus, the United States Court of Appeals for the Fifth Circuit instructs that the "district court must possess a 'substantial reason' to deny a request for leave to amend." <u>Smith v. EMC Corp.</u>, 393 F.3d 590, 595 (5th Cir. 2004). Nonetheless, "that generous standard is tempered by the necessary power of a district court to manage a case." <u>Yumilicious Franchise, L.L.C. v. Barrie</u>, 819 F.3d 170, 177 (5th Cir. 2016) (quoting <u>Schiller v. Physicians Res. Grp. Inc.</u>, 342 F.3d 563, 566 (5th Cir. 2003)). The court may consider numerous factors when deciding whether to

---

[1] Plaintiffs did not file a reply memorandum in further support of their motion.
[2] Because a scheduling order has not yet issued and no pleading amendment deadline set, plaintiff must only satisfy the standard of Rule 15.

grant a motion for leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003).

   2.   *Analysis*

GE Appliances argues that the proposed amendment is futile. While that may be true as to any alleged liability in negligence or strict liability, GE Appliances appears to admit that plaintiffs may now have stated a claim under the LPLA by invoking one of the LPLA theories and pleading identifying characteristics. With regard to the grouping of defendants, the plaintiffs do list defendants together followed by a list of wrongdoing without specifying a particular defendant. Nonetheless, the facts plead appear to show which defendant is implicated. For example, the allegation "[i]n failing to manufacture the dishwasher free from holes, gaps . . ." is obviously directed at GE Appliances, the alleged manufacturer, and not at Lowe's—the seller—or B.S.S.—the installer. Similarly, the allegation "[i]n failing to properly and adequately install," plaintiffs implicate B.S.S. and not the other defendants.

The Court finds that GE Appliances' arguments do not provide a substantial reason to deny the request for leave to amend. This is plaintiffs' first attempt to amend the complaint to address the deficiencies identified by GE Appliances and there is no suggestion of undue delay, bad faith, or dilatory motive. It appears that plaintiffs may have addressed at least some of the deficiencies GE Appliances has raised. Under the circumstances of this case, plaintiffs should be given an opportunity to plead their best case against GE Appliances prior to dismissal.  To the extent the amended pleading fails to meet the standard of Rule 12(b)(6), GE Appliances may file a renewed

motion to dismiss. The Court must grant leave to amend when justice so requires, and the Court finds granting leave to be appropriate here.

Conclusion

For the foregoing reasons, the Motion for Leave to Amend is GRANTED; plaintiffs' Third Amended Complaint shall be entered into the record.

New Orleans, Louisiana, this 14th day of March, 2024.

Janis van Meerveld<br>United States Magistrate Judge